IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL DELOIR,** | : | CIVIL NO. 3:15-CV-2287 |
| | : | |
| Petitioner, | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **DAVID EBBERT,** | : | |
| | : | |
| **Respondent.** | : | |

## REPORT AND RECOMMENDATION

I.  **Statement of Facts and of the Case**

Daniel Deloir is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving a 24-month sentence imposed in May of 2015 by the United States District Court for the Middle District of Pennsylvania following his conviction on inmate contraband possession charges.  As part of its sentence, the district court, Brann J., "strongly recommend[ed] the Bureau of Prisons redesignate the defendant to serve his sentence at another institution, out of the special management unit, at an appropriate medical facility that is capable of performing a thorough psychological evaluation on the defendant."

This recommendation now lies at the heart of the instant federal habeas corpus petition, with Deloir complaining that prison officials have not honored the Court's

recommendation and continue to house him at the United States Penitentiary, Lewisburg. The respondents, in turn, assert that Deloir's complaints regarding the place of his confinement do not raise cognizable federal habeas claims, and further aver that Deloir is being provided adequate psychological care at the Lewisburg Penitentiary.

Specifically, respondents allege that BOP mental health staff have classified Deloir as a "Mental Health Care Level One" inmate. As set forth in Bureau of Prisons Program Statement 5310.13, *Treatment and Care of Inmates with Mental Illness,* An individual is considered to meet [Mental Health Care Level One] if he:

> • Shows no significant level of functional impairment associated with a mental illness and demonstrates no need for regular mental health interventions; and
>
> • Has no history of serious functional impairment due to mental illness or if a history of mental illness is present, the inmate has consistently demonstrated appropriate help-seeking behavior in response to any re-emergence of symptoms.

Staff psychologists at Lewisburg have regularly seen Deloir and have reviewed his mental health status both before and after the Court's May 2015 sentencing recommendation. These reviews have consistently found that Deloir's mental status, emotional expression and behavior did not suggest significant mental health


problems, but have concluded that he presents a moderate risk of danger or harm to others.

According to the respondents, Deloir continues to have access to mental health professionals on a regular basis and a review of his mental health status by Psychology Services on December 28, 2015, once again concluded that Deloir is appropriately classified as Mental Health Care Level One inmate. It thus remains the professional opinion of the Acting Chief Psychologist Heather Ramirez, Psy. D., that "this inmate's mental health care needs are currently, and can continue to be, appropriately addressed at the Lewisburg Penitentiary.

For his part, Deloir seems to agree that he is a danger to others, and has attached exhibits revealing that he is seen on a monthly basis by prison psychology staff, who consistently describe him as potentially dangerous but not suffering from severe mental illness. (Doc. 20.) Deloir's exhibits are telling in several ways. First, they confirm the on-going care which he receives from staff at Lewisburg. Second, they reveal Deloir to be an inmate who presents a present risk to the safety of others, a finding which normally would warrant confinement at a highly secure facility like the SMU. Notably, Deloir does not dispute the danger he presents. Instead, he submits that this finding of danger, which he embraces, is inconsistent with a

determination that he is not mentally ill. In essence, Deloir argues that he is entitled to a prison transfer because he is both dangerous and mentally ill.

Upon consideration of the parties' submissions, for the reasons set forth below, our review of this case leaves us convinced that this matter is not appropriately brought before this Court as a habeas petition under 28 U.S.C. § 2241. Therefore, we recommend that this petition be transferred to Judge Brann for his consideration, and also recommend that the petition be denied by the sentencing judge since it appears that Deloir is receiving on-going mental health assessments.

## II. Discussion

### A. This Petition Should Be Transferred to the Sentencing Court

At the outset, we note that this habeas corpus petition seeks to interpret and enforce the sentencing recommendation of another judge of this Court, Judge Brann. This is relief that typically should be sought from the sentencing court pursuant to a motion to correct sentence pursuant to 28 U.S.C. §2255, and in this case we find that the petitioner has not made out a valid case for pursuing habeas relief in this district in lieu of a motion to correct sentence filed in the district of conviction under 28 U.S.C. § 2255. This showing is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal

pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts).  <u>See, e.g.</u>, <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part:  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Summary dismissal of this habeas petition, which seeks to correct a federal prisoner's sentence, is appropriate here since it is well-settled that:  "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255.  <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997).  <u>See also</u> <u>United States v. Miller</u>, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); <u>Snead v. Warden, F.C.I. Allenwood</u>, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255).  Indeed, it is now clearly established that

Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)) Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions with the sentencing court under § 2255.

This general rule admits of only one, narrowly-tailored, exception, albeit an exception that has no application in these circumstances. A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition simply do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. Thus, to pursue a claim under §2241 one must, in essence, present an assertion of actual innocence due to an intervening change in the law, a claim which Deloir does not make in this case.

Recognizing that Deloir typically is not entitled to request that this Court re-interpret the sentence imposed by another judge of this Court through a petition brought under §2241, we acknowledge that the petition could be dismissed. In the alternative, the petition could be transferred to the sentencing judge, so the sentencing district court may consider this petition. Federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general

rules governing venue in civil litigation, including Title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we note that when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a sentence imposed by another federal district court, they have often relied upon §1404 to order the transfer of the petition to the sentencing court for its consideration. In reaching this result we have observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. . . . . See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D.Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F.Supp.2d 818, 820 (D.N.J.2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the

availability of witnesses and records.").).

Stover v. Sniezek, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); see, e.g., See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.). Indeed, we note that such transfers have been routinely granted by the courts, when the interests of justice favor such a transfer. See e.g., Garner v. Warden, FCI Schuylkill, No. 1:15-CV-0130, 2015 WL 539840, at *1 (M.D. Pa. Feb. 10, 2015); Brawner v. Thomas, No. 1:14-CV-01489, 2014 WL 7139826, at *3 (M.D. Pa. Dec. 12, 2014); Potocki v. Thomas, No. CIV.A. 3:14-0906, 2014 WL 2214283, at *2 (M.D. Pa. May 28, 2014). In our view this principle applies with particular force here, where Deloir is inviting us to determine whether the Bureau of Prisons' conduct violates the sentencing recommendation of another judge of this Court. Plainly, the court best suited to make that determination is the court which actually sentenced Deloir. That court is uniquely poised in the first instance to construe the meaning of its sentencing recommendation and under the law must be given the first opportunity to determine the meaning of its own sentence.

In this case, we conclude the prerequisites for a transfer of this matter pursuant to 28 U.S.C. §1404 are satisfied. At the outset, it seems that these claim might have

been brought before Judge Brann through a motion under 28 U.S.C. §2255. Indeed, it would be both improper and presumptuous for this Court to purport to interpret the meaning and intention of the sentencing court's recommendation. Moreover, "We need not, however, be overly concerned with the limitations on transfer in section 1404(a), as we believe that there is at least a plausible argument that if [Deloir] has no other remedy in the district of his conviction and sentencing, the Court of Appeals . . . would approve of the district court's exercising jurisdiction under the All–Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of error coram nobis. See United States v. Shamy, 886 F.2d 743 (4th Cir.1989); United States v. Mandel, 862 F.2d 1067 (4th Cir.1988)." In re Nwanze, 242 F.3d 521, 526 (3d Cir. 2001).

It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. §1404(a). As we have previously noted when transferring other petitions to the sentencing district:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing . . .determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner v. Williamson, supra, 2008 WL 1752229, at *4.

Indeed, allowing the sentencing court to interpret its own sentencing recommendation is the most just outcome in this case, an outcome which gives full fidelity to the true meaning of that sentencing recommendation.

Finally, we note that an order transferring this case to the sentencing district for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

While we recommend that this case be transferred to the sentencing judge for his consideration, we also submit that the sentencing judge find this petition fails when considered on its merits. In this case, Deloir's federal habeas corpus petition seeks to prescribe the place of his confinement, and the nature of his mental health care in prison. Thus, Deloir asserts that he is entitled to habeas corpus relief under §2241, because his complaints regarding these medical and mental health issues

actually go to the "execution of his sentence" since his sentence included a recommendation that he should receive a transfer and a mental health assessment at some other facility. According to Deloir, the current care and treatment he receives is so far inconsistent with this very general sentencing recommendation that he is entitled to challenge the conduct of the Bureau of Prisons through a habeas corpus petition as an improper execution of his sentence.

We disagree. We acknowledge that this Court has limited federal habeas corpus jurisdiction to examine whether prison officials are properly executing the Court's sentence, but we do not believe that this narrow grant of jurisdiction is a license to substitute the inmate's preferences for the prerogatives of the Bureau of Prisons. Rather, while " 'the precise meaning of "execution of the sentence" is hazy.' Woodall, 432 F.3d at 242." Cardona v. Bledsoe, 681 F.3d 533, 536 (3d Cir. 2012), this Court has recognized that, in certain very limited circumstances a prisoner may bring a federal habeas corpus petition that touches upon the conditions of his confinement by arguing that those conditions fail to properly execute the Court's sentence. See, McGee v. Martinez, 627 F.3d 933, 936–37 (3d Cir.2010); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir.2005) However, the Court has also repeatedly stressed the narrow scope of this ruling and cautioned that these limited holdings: "do not suggest that contesting *any* express recommendation from

the sentencing court will *necessarily* give rise to habeas jurisdiction under § 2241. There may be circumstances where an alleged discrepancy between a court's recommendation and the BOP's conduct do not give rise to a habeas claim." Cardona v. Bledsoe, 681 F.3d 533, 537 n. 7 (3d Cir. 2012). Instead, to sustain a habeas corpus claim under §2241 based upon an alleged failure to proper execute a sentence, the petitioner must allege and prove "BOP conduct that conflicted with express statements in the applicable sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 536 (3d Cir. 2012). See Parks v. Holder, 508 F. App'x 93, 94 (3d Cir. 2013). Furthermore, it is clear that the BOP conduct which is alleged to have been inconsistent with an express sentencing recommendation must be much more than a mere "'garden variety' prison transfer" from between another institution and the SMU. Oser v. Samuels, No. 3:12-CV-2535, 2013 WL 2351346, at *3 (M.D. Pa. May 22, 2013) aff'd, 537 F. App'x 38 (3d Cir. 2013). Simply put, such matters do not entitle an inmate to federal habeas corpus relief.

Indeed, the United States Court of Appeals for the Third Circuit has expressly rejected the type of habeas corpus claim advanced here, a claim premised upon the assertion that an SMU transfer decision "constituted an improper execution of his sentence because USP–Lewisburg does provide psychological services of the type recommended by the sentencing court." Brown v. Bledsoe, 405 F. App'x 575, 576

(3d Cir. 2011). In terms that are equally applicable here, the court of appeals rejected this claim as sounding in habeas, noting that the petitioner: "ha[d] not demonstrated that his transfer to USP–Lewisburg was anything other than a 'garden variety prison transfer,' which we have indicated does not give rise to a habeas claim. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir.2005)." Brown v. Bledsoe, 405 F. App'x 575, 577 (3d Cir. 2011).

The court of appeals has recently reaffirmed this basic tenet limiting federal habeas corpus jurisdiction in cases where Lewisburg inmates are seeking relief under §2241 because they are displeased with the nature and extent of their mental health care and treatment, observing that such claims are: "not properly brought under § 2241." Brown v. Warden Lewisburg USP, 623 F. App'x 587, 588 (3d Cir. 2015). Instead, such matters should typically be addressed through civil rights lawsuits. See Gillette v. Territory of Virgin Islands, 563 F. App'x 191, 194 (3d Cir.), cert. denied sub nom. Gillette v. Francois, 135 S. Ct. 753, 190 L. Ed. 2d 630 (2014). Furthermore, district courts have also held that inmate disputes with prison care-givers regarding their mental health care do not rise to the level of matters warranting habeas corpus relief simply because there was a sentencing recommendation for some type of care where there is "no 'quantum change' in the level of [the prisoner's] custody." Floyd

v. Zickefoose, No. CIV. 11-3593 JBS, 2012 WL 664808, at *8 (D.N.J. Feb. 29, 2012).

Indeed, we have held as much in a case involving another Lewisburg inmate. In Koch v. Ebbert, the sentencing court recommended that Koch be housed in a "facility with a mental health facility or hospital." Koch v. Ebbert, 3:14-cv-1832, (M.D.Pa. 2014). The Office of Medical Designations and Transportation reviewed the judicial recommendation and determined Koch's needs could be met at a United States Penitentiary, a facility that has mental health officials on staff. (Id.) Like Deloir, at the time of the decision Koch was incarcerated at the Lewisburg Penitentiary, SMU. In terms that are equally applicable here, this Court, in dismissing Koch's petition, found that the prison officials did not ignore the sentencing judge's recommendation, rather they "carefully assessed Koch's mental health needs, and concluded they could be met within a penitentiary setting." Id. (Doc. 10 at 16). The Court further found that the petitioner's history of violence, "would require that he remain in this type of highly secure setting even if he was transferred to some other prison. Therefore, a prison transfer would not result in 'a quantum change' in the level of his custody." Id.

These same principles apply here and compel denial of this petition. Deloir has failed to demonstrate that the failure to grant him this prison transfer constituted an

improper execution of his sentence for several reasons. First, a review of the materials filed by petitioner and the respondents discloses that Deloir has failed to demonstrate "that his transfer to USP–Lewisburg was anything other than a 'garden variety prison transfer,' which we have indicated does not give rise to a habeas claim. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir.2005)." Brown v. Bledsoe, 405 F. App'x 575, 577 (3d Cir. 2011). Furthermore, the moderate level of danger which Deloir presents to others, which is undisputed and is throughly documented in this case, will compel his confinement in a maximum security setting regardless of where he is placed within the federal prison system. Thus, as long as he presents a danger to others Deloir will always receive mental health care in a highly secure, structured environment like the SMU. This immutable fact is fatal to this petition, since courts have frequently held in the past that this type of prison placement decision for a dangerous inmate who requires some mental health services does not represent a quantum change in the inmate's confinement and does not reflect government action justifying any form of habeas corpus relief. See e.g., Brown v. Warden Lewisburg USP, 623 F. App'x 587, 588 (3d Cir. 2015); Koch v. Ebbert, 3:14-cv-1832, (M.D.Pa. 2014); Floyd v. Zickefoose, No. CIV. 11-3593 JBS, 2012 WL 664808, at *8 (D.N.J. Feb. 29, 2012).

Finally, it is clear that the gist of Deloir's complaint is reduced to a vehement dispute between this inmate and his care-givers regarding his mental health diagnosis and the nature of the treatment afforded to him. To the extent that Deloir's habeas corpus petition involves such a medical dispute, it is evident that this dispute does not sound in habeas, but must be addressed through other means. Indeed, it is well-settled that complaints about prison medical care simply do not sound in habeas. As the court of appeals has observed in summarily affirming the dismissal of a similar federal habeas petition:

> Federal habeas corpus relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir.2002). [The petitioner's] allegation of deficient medical care does not "spell speedier release," and thus does not lie at the " 'the core of habeas corpus.' " Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). See also Leamer, 288 F.3d at 542–44. In seeking [specific medical care], he does not seek a speedier release, only different medical care, and he thus must proceed through a civil rights action after exhausting his administrative remedies, and either paying the civil action filing fee or completing an *in forma pauperis* application.

Bonadonna v. United States, 446 F. App'x 407, 409 (3d Cir. 2011).

### III.    Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that this Petition for Writ of Habeas Corpus be transferred to the sentencing judge, Judge Brann, and upon consideration of the merits of Deloir's claims, DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 5th day of July 2016.

                                         *S/Martin C. Carlson*
                                         Martin C. Carlson
                                         United States Magistrate Judge